| | | |
|---|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-20 |
| vs. | ) ) | |
| TEX-TECH COATINGS, LLC, | ) ) ) | |
| Defendant. | ) | |

## JURISDICTION

This action is brought and the Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).  This action arises under statutes enacted by the United States of America, including without limitation 42 U.S.C. §9601, *et seq.*

## FACTUAL ALLEGATIONS

Comes the Plaintiff, and for its cause of action against the Defendant, states:

1.     Plaintiff American Alternative Insurance Corp. (hereinafter "AAIC") is an insurance company, domiciled in Delaware, and authorized to write and sell policies of insurance under the laws of North Carolina.

2.     Defendant Tex-Tech Coatings, LLC (hereinafter "Tex-Tech") is a foreign limited liability company organized under the laws of Delaware with its principal place of business in North Carolina in Forsyth County, North Carolina.

1

3. On February 24, 2020 a tire fire occurred at the Tex-Tech facility located at 215 Drummond Street, Kernersville, Forsyth County, North Carolina.

4. The Tex-Tech facility meets the definition of a "facility" as that term is defined in the Comprehensive Environmental Response, Compensation, and Liability Act (hereinafter "CERCLA").

5. The following fire departments responded to the fight the Tex-Tech facility fire with personnel and equipment, or supplied those actively engaged in fighting the fire with equipment for that purpose: Town of Kernersville (hereinafter "Kernersville") and Beeson Cross Roads Fire and Rescue (hereinafter "Beeson Cross Roads").

6. At its facility Tex-Tech maintained toluene, which is deemed a hazardous substance pursuant to CERCLA.

7. During the fire, toluene was released, contaminating firefighting equipment and other property owned by Kernersville and Beeson Cross Roads.

8. The fire departments' response to the plant fire was, in addition to extinguishing of the fire, to contain the release and prevent the threatened release of hazardous substances into the environment in accord with the National Contingency Plan under CERCLA.

9. In their response to the release of toluene, the fire departments incurred response costs in the form of damage to firefighting equipment that had to be repaired and replaced. The costs incurred were necessary to the fire departments' response.

10. The losses sustained by the fire departments were insured and paid by Plaintiff AAIC pursuant to their respective policies of insurance. The losses paid by AAIC total $66,910.94. Kernersville and Beeson Crossroads each sustained the loss of $500.00 deductibles.

11. As a result of the aforementioned payments, Plaintiff AAIC is subrogated to the rights of

its insureds.

<u>CLAIM OF RELIEF - STRICT LIABILITY UNDER CERCLA</u>

12. The allegations contained in Paragraphs 1 through 11 of the Complaint are realleged and incorporated by reference.

13. Pursuant to 42 U.S.C. §9601 *et seq* and 42 U.S.C. §9607 Defendant is strictly liable to the Plaintiff for the claims paid and arising as response costs to the fire at the Tex-Tech facility.

WHEREFORE, Plaintiff seeks the following relief:

1. Judgment against Defendant in the sum of $67,910.94, plus interest from the date suit was instituted;

2. For the costs of this action; and

3. For such other and further relief as the Court may deem just, fair, and reasonable.

This the _____ day of January, 2021.

THE LAW OFFICE OF ALLEN MILLS, PLLC
Attorney for Plaintiff

/s/ Allen Mills
By:    Allen Mills, SB # 30020
        4020 Barrett Drive, Suite 206
        Raleigh, NC  27609
        Telephone: (919) 521-4007
        Facsimile: (919) 521-4011

3